# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Dustin W. Rhodes | Case Number: 0980 2:15CR00144-SMJ-12 |
| Address of Offender: ▮▮▮▮▮ Chewelah, Washington 99109 | |

Name of Sentencing Judicial Officer: The Honorable Salvador Mendoza, U.S. District Judge

Date of Original Sentence: May 12, 2016

| | | | |
|---|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1344 and 1349 | | |
| Original Sentence: | Prison - 121 days<br>TSR - 24 days | Type of Supervision: Supervised Release | |
| Asst. U.S. Attorney: | Allyson Edwards | Date Supervision Commenced: May 12, 2016 | |
| Defense Attorney: | Benjamin Flick | Date Supervision Expires: May 11, 2018 | |

## PETITIONING THE COURT

To issue a WARRANT and incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 12/13/2016 and 03/30/2017.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Special Condition # 15**: Defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. Defendant shall contribute to the cost of treatment according to Defendant's ability to pay. Defendant shall allow full reciprocal disclosure between the supervising officer and treatment provider.<br><br>**Supporting Evidence**: The offender's supervision commenced on May 12, 2016. Due to an outstanding Washington State Department of Corrections warrant, the offender was unable to report to probation on the commencement date. On May 23, 2016, the offender reported to the office for his supervision intake and was advised of special condition 15, and was provided a copy of his Court judgment. On March 22, 2017, the undersigned met with the offender and he was directed at that time to contact Alcohol Drug Education Prevention and Treatment (ADEPT) to schedule outpatient services per the recommendation from the inpatient treatment facility.<br><br>The undersigned was notified by ADEPT that the offender failed to report to their facility for the scheduled intake assessment on March 29, 2017. The intake was then rescheduled for April 17, 2017, and the offender again failed to report as scheduled. |

7     **Special Condition # 17**: Defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender's supervision commenced on May 12, 2016. Due to an outstanding Washington State Department of Corrections warrant, the offender was unable to report to probation on the commencement date. On May 23, 2016, the offender reported to the office for supervision intake and was advised of special condition 17, and was provided a copy of his Court judgment.

On February 28, 2017, the offender reported to the probation office following his discharge from inpatient treatment. The offender was advised at that time that he would be referred to the urinalysis testing program at ADEPT in Colville, Washington. The offender was further advised he would be on urinalysis testing color brown, he was to call the testing line everyday, and was to report to ADEPT on the days that brown was called in order to submit a urine sample for testing. On March 22, 2017, the undersigned met with the offender and he was again advised of his urinalysis testing responsibilities, as well as his testing color and the location of the testing site.

The undersigned was notified by ADEPT that the offender failed to report to their facility on April 2, 2017, for a random urinalysis test.

On April 3, 2017, the provider at ADEPT advised she had sent the offender a text message inquiring if he was going to report for the missed urinalysis test, but stated she received no response. U.S. Probation called the offender and directed him to report to the probation office no later that 4:00 p.m. on April 3, 2017, for urinalysis testing. The offender left probation a voice message later that same day advising he had reported to the building, but had forgot to bring identification and would report on April 4, 2017. Due to the offender's failure to report back to the office, U.S. Probation contacted the offender's mother and requested the offender report to the office on April 7, 2017. The offender reported to the office on April 7, 2017, and submitted a urine sample that tested presumptive positive for methamphetamine. Mr. Rhodes denied use, but advised he had been present around the substance. The urine sample was sent to the laboratory for verification. The lab report returned a positive result for methamphetamine, and additionally showed the sample was dilute.

8     **Special Condition # 17**: Defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender's supervision commenced on May 12, 2016. Due to an outstanding Washington State Department of Corrections warrant, the offender was unable to report to probation on the commencement date. On May 23, 2016, the offender reported to the office for supervision intake and was advised of special condition 17, and was provided a copy of his Court judgment.

On February 28, 2017, the offender reported to the U.S. Probation Office following his discharge from inpatient treatment. The offender was advised at that time that he would be

referred to the urinalysis testing program at ADEPT in Colville, Washington. The offender was further advised he would be on urinalysis testing color brown, he was to call the testing line everyday, and he was to report to ADEPT on the days that brown was called in order to submit a urine sample for testing. On March 22, 2017, the undersigned met with the offender and he was again advised of his urinalysis testing responsibilities, as well as his testing color and the location of the testing site.

The undersigned was notified by ADEPT that the offender failed to report to their facility on April 9, 2017, for a random urinalysis test.

On April 10, 2017, a message was left for the offender directing him to report to the U.S. Probation Office on April 11, 2017, for a urinalysis test. The offender contacted probation on April 11, 2017, and provided a range of reasons as to why he was unable to report on that day. The offender was then directed to report to the office on April 12, 2017.

The offender reported to the office on April 12, 2017, and submitted a urine sample that tested presumptive positive for methamphetamine. Mr. Rhodes signed an admission to use form admitting he had consumed methamphetamine on April 7, 2017.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 04/18/2017

s/Charles J. Kuipers

Charles J. Kuipers
U.S. Probation Officer

---

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

04/19/2017
Date